**[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 140.]**

CLEVELAND BAR ASSOCIATION *v.* KATALINAS.

**[Cite as *Cleveland Bar Assn. v. Katalinas*, 2000-Ohio-37.]**

*Judges—Misconduct—Permanent disbarment—Managing financial affairs for individual not a family member and refusing individual's demands for return of his funds—Engaging in conduct involving moral turpitude—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Entering into business transaction with client having differing interests—Prejudicing or damaging client during course of professional relationship—Failing to deposit all client funds in an identifiable bank account in which no funds of lawyer are deposited—Failing to maintain complete records of all property of client in lawyer's possession and render proper accounts when requested—Failing to deliver upon request funds and property of client which client is entitled to receive.*

(No. 00-781—Submitted July 6, 2000—Decided September 20, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-48.

————————

{¶ 1} On August 9, 1999, relator, Cleveland Bar Association, filed a complaint charging respondent, Edward F. Katalinas of Cleveland, Ohio, Attorney Registration No. 0033651, with several violations of the Code of Professional Responsibility and the Code of Judicial Conduct. Relator filed a motion for default when respondent failed to answer, and the matter was referred to Master Commissioner Harry White.

**{¶ 2}** Based on the exhibits and affidavits attached to the motion for default, the master commissioner found that in June 1994, while he was a sitting municipal court judge, respondent agreed to manage the financial affairs of Donald A. Green, a childhood friend. Green granted him a durable power of attorney and delivered his United States Savings Bonds to Katalinas. Respondent redeemed the bonds and treated the funds as a personal loan. Respondent also took control of Green's bank accounts for his own personal use and ignored Green's demands for the return of his funds.

**{¶ 3}** In addition, the master commissioner found that in January 1998, Kenneth Reese paid respondent a $200 retainer to vacate a legal separation and convert it into a divorce action. Respondent did not file the papers and refused to return the retainer to Reese.

**{¶ 4}** The master commissioner also found that Michael and Melissa Palivoda retained respondent to represent them in a civil action involving a motor vehicle accident. Respondent filed a complaint, but the case was dismissed when respondent failed to comply with discovery. When the Palivodas requested the return of their case file, respondent demanded a payment of $5,000 and refused to give up the file until contacted by an investigator for relator.

**{¶ 5}** The master commissioner concluded that by his conduct respondent had violated Canon 4(D)(1) of the Code of Judicial Conduct (a judge shall not serve as a fiduciary except for a family member) and Canon 4(F) (a judge shall not practice law except to give legal advice to or draft documents for a family member). He also found that the same conduct violated DR 1-102(A)(3) (a lawyer shall not engage in conduct involving moral turpitude), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on fitness to practice law), 5-104(A) (a lawyer shall not enter into a business

transaction with a client if they have differing interests, unless the client consents after full disclosure), 7-101(A)(3) (a lawyer shall not prejudice or damage a client during the course of the professional relationship), 9-102(A) (a lawyer shall deposit all client funds in an identifiable bank account in which no funds of the lawyer are deposited), 9-102(B)(3) (a lawyer shall maintain complete records of all property of the client in the lawyer's possession and render proper accounts when requested), and 9-102(B)(4) (at the request of a client, a lawyer shall deliver funds and property to the client which the client is entitled to receive).

{¶ 6} The master commissioner found no mitigating circumstances and recommended that respondent be permanently disbarred from the practice of law in Ohio. The Board of Commissioners on Grievances and Discipline of the Supreme Court adopted the findings, conclusions, and recommendation of the master commissioner.

_____

*Keith A. Ashmus* and *Kevin M. Magnuson,* for relator.

_____

***Per Curiam***.

{¶ 7} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____